[Cite as *State v. Rogers*, 2015-Ohio-4515.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case Nos. 2014-CA-42 |
| Plaintiff-Appellee | : | 2014-CA-43 |
| | : | |
| v. | : | Trial Court Case Nos. 14-CR-266 |
| | : | 14-CR-311 |
| WILLIAM A.G. ROGERS | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of October, 2015.

. . . . . . . . . . .

ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Greene County Prosecutor's Office, 55
Greene Street, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

JEREMY M. TOMB, Atty. Reg. No. Klein, Tomb & Eberly, LLP, 124 West Main Street,
Troy, Ohio 45373
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} William A.G. Rogers appeals from his conviction and sentence on fifth-

degree-felony charges of theft, forgery, and receiving stolen property in two separate

cases.

**{¶ 2}** Rogers' appointed counsel has filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any arguable issues for appellate review. We notified Rogers of the *Anders* filing and granted him 60 days to file a pro se brief. He did not respond, and his time to do so has expired.

**{¶ 3}** The record reflects that Rogers was charged in trial court case number 14-CR-266 with theft, forgery and receiving stolen property. He was charged in trial court case number 14-CR-311 with one count of receiving stolen property. Rogers pled guilty to all charges pursuant to a negotiated agreement. Under the agreement, the parties agreed that theft and receiving stolen property in case number 14-CR-266 were allied offenses of similar import. They further agreed that no other allied offenses existed in the two cases. (Plea Tr. at 16-17). The State additionally agreed to recommend community control and not to pursue a charge for possession of a controlled substance. (*Id.* at 20). Following a Crim.R. 11 plea colloquy, the trial court accepted Rogers' pleas and made findings of guilt. (*Id.* at 30).

**{¶ 4}** At his subsequent sentencing hearing, Rogers moved to withdraw all of his guilty pleas except the plea to forgery in case number 14-CR-266. The trial court treated the motion as a post-sentence motion because he already had been told the sentence he would receive. In connection with the plea-withdrawal motion, Rogers also requested new counsel. After allowing Rogers to testify, the trial court overruled the plea-withdrawal motion and the new-counsel motion. (Sentencing Tr. at 34-38). The trial court then imposed three consecutive one-year prison terms. (*Id.* at 48-49). It also ordered Rogers to pay court costs and restitution. This appeal followed.

{¶ 5} In the *Anders* brief, appointed appellate counsel identifies three potential assignments of error but concludes that they lack arguable merit. The first concerns the trial court's purported failure to conduct a hearing on the new-counsel motion. The second addresses whether all three counts in case number 14-CR-266 should have merged. The third involves whether Rogers received effective assistance of counsel at the plea hearing and at sentencing.

{¶ 6} Upon review, we see no non-frivolous argument with regard to any of the foregoing issues. Rogers raised the plea-withdrawal issue at the outset of his sentencing hearing. While testifying in connection with that motion, he requested new counsel. (Sentencing Tr. at 24). The trial court had him sworn as a witness and permitted him to say anything he wanted in connection with both motions. The trial court ultimately rejected his claim that his attorney had misled him into believing he could challenge his convictions at sentencing. The trial court found Rogers' testimony not credible and found no basis for appointing new counsel. It also noted that the case was at its end in any event because sentencing was imminent. (*Id.* at 36-38). We see no arguable merit to an appellate issue regarding the new-counsel motion.

{¶ 7} We reach the same conclusion with regard to allied offenses. Counsel's *Anders* argument concerns the theft, forgery, and receiving-stolen-property charges in case number 14-CR-266. The parties agreed below that the only allied offenses were the theft and receiving-stolen-property charges in that case. The State elected to proceed on the theft. Counsel's *Anders* argument is that the forgery and theft charges also were allied offenses. We see no arguable merit in this claim. It appears from the PSI report that the

forgery and theft charges involved two different checks that Rogers took without permission. He stole one check (theft) and forged a different one (forgery). (PSI at 10). Therefore, we see no basis for an allied-offense argument.

{¶ 8} We also see no potentially-viable claim for ineffective assistance of counsel. The *Anders* brief does not elaborate on this issue, and we see no prejudicially-deficient performance by Rogers' trial counsel.

{¶ 9} Finally, we have performed our duty under *Anders* to conduct an independent review of the record. After examining the docket, including the plea and sentencing-hearing transcripts, we have found no non-frivolous issues for review. In particular, we note that the trial court conducted a thorough Crim.R. 11 colloquy before accepting Rogers' guilty pleas. It also correctly applied the manifest-injustice standard to the plea-withdrawal motion because Rogers had discovered the sentence he would receive. *State v. Williamson*, 2d Dist. Montgomery No. 21965, 2008-Ohio-4727, ¶ 11 ("When a defendant discovers before sentencing the particular sentence a trial court intends to impose, we have held that a pre-sentence motion to vacate his plea ordinarily should be treated as a post-sentence motion."). We likewise see no potential merit in a claim that the trial court erred in denying the plea-withdrawal motion. The record supports the trial court's finding that Rogers only wanted to withdraw his pleas because he had hoped for a community-control sanction and was unhappy to learn that the trial court intended to impose a prison sentence. (Sentencing Tr. at 30, 33-34). This is not a legitimate basis to withdraw a plea. *Williamson* at ¶ 11 (recognizing that "a defendant cannot test the sentencing waters and then move to vacate his plea just before sentencing if he receives an unpleasant surprise"). With regard to the sentences it imposed, the trial court correctly

found that it had discretion to impose prison terms for Rogers' fifth-degree felonies. (Sentencing Tr. at 44, citing R.C. 2929.13(B)(1) and (2)). The sentences the trial court imposed were within the authorized statutory range, and the trial court properly considered the statutory principles and purposes of sentencing as well as the statutory seriousness and recidivism factors. We note too that the trial court made the findings required by R.C. 2929.14(C)(4) to impose consecutive sentences. (*Id.* at 48-49). Among other things, the trial court noted that 22-year-old Rogers, who has served a prior prison term, had eight prior adult felony convictions. (*Id.* at 45; PSI at 1). Our review of the trial court's findings in this regard is limited to whether the record clearly and convincingly does not support them. *State v. Rodeffer*, 2013–Ohio–5759, 5 N.E.3d 1069 (2d Dist.). Based on our review of the sentencing transcript and the PSI, the trial court's sentencing findings are not unsupported by the record and an argument to the contrary would be frivolous.

{¶ 10} Having found no non-frivolous issues for appellate review, we sustain appointed appellate counsel's motion to withdraw and affirm the judgment of the Greene County Common Pleas Court.

. . . . . . . . . . . . .

FAIN, J., concurs.

FROELICH, P.J., dissenting:

{¶ 11} The standard for what is a frivolous appeal is certainly not crystal clear; perhaps because of this, any doubt should be resolved on the side of full briefing.

{¶ 12} On this record, the court's denial of the Appellant's request for a new attorney supports such a review.

. . . . . . . . . .

Copies mailed to:

Elizabeth A. Ellis
Jeremy M. Tomb
William A.G. Rogers
Hon. Stephen Wolaver